BROWN & JOHNSON, Appellants, *v.* KENDALL, YOE & CO., Third opponent, CARL KOHN, Appellee.

A Sheriff's deed is a title translative of property, and the title and possession under it cannot be treated by a third person as a nullity.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *A. T. Steel*, for plaintiffs and appellants. *Clarke & Bayne*, for third opponent.

SPOFFORD, J. In January or February 1856, the plaintiffs, under a judgment against *Wm. G. Kendall*, seized in execution a plaining-mill and its apparatus, which had been adjudicated to *Carl Kohn*, on the 17th of November, 1855.

*Carl Kohn* opposed the seizure, and claimed the property as his own. His opposition was filed on the 29th February, 1856.

In support of his allegations he produced all the proceedings under an order of seizure and sale issued at his instance against a certain square of ground and all its appurtenances, as the property of *Wm. G. Kendall*, mortgaged to himself. In the advertisement of this sale the plaining-mill and apparatus, now seized by the plaintiffs as still the property of *Kendall*, were described as composing part of the property seized, and to be sold under the order in favor of *Carl Kohn*. They were so sold, and *Kohn* became the purchaser of the whole; and the plaining-mill, &c., are particularly described in the Sheriff's deed to himself. He is in possession under a title translative of property, to wit: a Sheriff's deed. *Kendall*, the judgment debtor, has acquiesced in the sale.

Under these circumstances, a third person cannot treat the title and possession of *Kohn* as mere nullities, and seize the property as if it were *Kendall's*. It is unnecessary to inquire whether the plaining-mill, &c., had become immovable by destination.

Judgment affirmed.